**Coy Hubert HERRIN, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–83–00297–CR.**

Court of Appeals of Texas,
Dallas.

April 10, 1984.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, SPARLING and GUILLOT, JJ.

## ON MOTION TO RECALL MANDATE

STOREY, Justice.

Appellant has filed a motion praying that this court recall its mandate issued on March 20, 1984, and to withdraw and reissue our opinion which was handed down on January 20, 1984. We conditionally grant the motion to recall our mandate, but decline to withdraw and reissue our opinion.

Appellant's motion is made necessary because of an administrative error. We do not question appellant's allegations of fact in this regard. Our opinion was handed down on January 20, 1984. It was inadvertently mailed to appellant's trial counsel rather than to his appellate counsel. Appellate counsel first received notice of this court's decision on March 29, 1984, when the trial court notified appellant by mail of its receipt of our mandate. This lack of notice obviously denied appellant the opportunity to timely file his motion for rehearing and for his petition for discretionary review. The motion now before us was filed on March 30, 1984.

Appellant suggests that we may withdraw and reissue our opinion dated January 20, 1984. While TEX.R.CIV.P. 446 may provide authority for withdrawing and changing our judgment, it may not be construed as authority for withdrawing and reissuing the same opinion. Such practice has been condemned as a guise for enlarging time within the appellate process. See Anderson v. Casebolt, 493 S.W.2d 509 (Tex.1973).

Nor are we authorized to suspend the filing rules under TEX.R.CRIM.APP.P. 4 as suggested by appellant. Rule 4 expressly prohibits the suspension of any rule which, in turn, would suspend any requirement or provision of the Code of Criminal Procedure, and, here, suspension would conflict with TEX.CODE CRIM.PROC. ANN. art. 44.45 (Vernon Supp.1984).

Under article 44.45, the Court of Criminal Appeals, rather than this court, has authority to enlarge the time for filing a petition for discretionary review. Consequently, that court is the proper forum to determine whether such an enlargement may be granted under the circumstances shown here. However, under such circumstances, we conclude that it is proper to recall our mandate so that appellant may present the matter to the Court of Criminal Appeals.

Accordingly, we grant the motion to recall our mandate, and the Clerk of this court is ordered to recall our mandate upon condition that appellant seek appropriate relief in the Court of Criminal Appeals not later than 20 days from this date. We deny appellant's motion to withdraw our opinion.