**Cathy Lynn HENDERSON, Appellant,**

v.

**The STATE of Texas.**

**No. 72,157.**

Court of Criminal Appeals of Texas.

July 1, 1998.

Karyl Krug, Austin, for appellant.

Ronnie Earle, District Attorney, Austin, Matthew Paul, State's Attorney, Austin, for State.

PRICE, Judge, concurring in the denial of appellant's motion to withdraw mandate, supplement the record, grant rehearing, and reconsider points.

I concur in the Court's order denying appellant's motions. I write separately to clarify my reasons for doing so.

Appellant's original motion for rehearing was denied on March 4, 1998. She now attempts to file a second motion for rehearing from previously rejected points of error one and two. This is prohibited by our Rules of Appellate Procedure. See TEX.R.APP. P. 79.5. Furthermore, there is no need to recall the mandate of affirmance in this case because the recall of a mandate is appropriate only in the event that the court's previous judgment is vacated or modified. See TEX. R.APP. P. 18.7.

Finally, appellant requests that we allow her to supplement the appellate record with a portion of the court reporter's record containing a seven page transcription of an *in camera* proceeding before the trial judge. Appellant argues that the trial judge's statements during that proceeding show that he abused his discretion in compelling her attorney to deliver to the state certain maps previously drawn by appellant. These maps, which indicated the whereabouts of the child-victim's body were drawn by appellant at the request of her court-appointed attorney in Kansas City. The trial judge stated that he believed the child was deceased and that there could be no ongoing crime. Appellant now urges that these statements undermine the reasoning of our decision affirming the trial court. However, appellant fails to recognize that regardless of the trial judge's statements, his final ruling on the matter was correct. The trial judge's personal beliefs were not relevant. On the contrary, we reasoned that

> [a]t the time the trial court compelled the production of the maps, *authorities* had reason to believe that the baby was still alive ... Even if *authorities* believed that the chance of the maps leading to a live baby was remote, they were entitled to pursue that remote possibility.

*Henderson v. State,* 962 S.W.2d 544, 557 (Tex.Crim.App.) (emphases added and footnote omitted). That is, our decision was based on the beliefs of the law enforcement authorities, rather than the beliefs of the trial judge. Therefore, any evidence concerning the trial judge's beliefs does nothing to undermine our decision. For these reasons, I concur in the denial of appellant's motions.

OVERSTREET, Judge, dissenting to denial of appellant's motion to withdraw mandate, supplement the record, grant rehearing, and reconsider points.

Appellant seeks withdrawal of our mandate, supplementation of the record with a

because we have no jurisdiction in this instance,   we are not at liberty to decide this issue.

newly discovered transcription of an in camera hearing, and reconsideration of points relating to the trial court's compelled production of maps and evidence obtained based upon said production.

Granting rehearing on a case after mandate has issued, with or without a motion from a party, is certainly not unheard of. For instance, in *Ex parte McJunkins*, 954 S.W.2d 39 (Tex.Cr.App.1997) (op. on reh'g), this Court recalled the mandate over four months after mandate had issued and granted an untimely State's motion for rehearing. More recently in *Ex parte Patterson*, 969 S.W.2d 16 (Tex.Cr.App.1998)(op. on reh'g), we granted rehearing on our own motion on the very day the opinion on original submission was delivered. And even more recently in *Mosley v. State*, — S.W.2d —, 1998 WL 349513 (Tex.Cr.App. No. 72,281, delivered July 1, 1998)(op. on reh'g), we granted rehearing on our own motion and withdrew our original opinion, and refused to entertain any motion for rehearing of that original opinion from the parties. Thus it is not unheard of for this Court to grant rehearing on its own motion.

And appellant's motion suggesting that we grant such rehearing informs us that a transcription of a newly discovered in camera hearing, which contains information relevant to the disposition of points of error one and two, has recently been recovered. This transcription shows that the trial judge, in determining whether to order production of the maps in question, believed that the decedent in this case was already dead and thus there was no continuing kidnapping. Specifically, in camera, the trial judge said,

> I'm convinced that the child is deceased. And since I'm convinced the child is deceased, I don't really see how it can be an ongoing crime.

The trial judge added that he didn't see how he was going to order appellant's attorney to reveal the maps. He even commented that appellant's attorney was "doing the right thing" and that "[t]he rest of us must do the right thing. You've shamed us into it." Nevertheless, when the trial judge reappeared in open court with the world watching and all shame was apparently brushed aside,

the trial judge ordered appellant's attorney to produce the maps, which aided law enforcement officials in locating the decedent.

This newly discovered transcription of the in camera proceeding certainly contains evidence that could impact this Court's analysis, since this Court initially concluded that "[a]t the time the trial court compelled production of the maps, authorities had reason to believe that the baby might still be alive." *Henderson v. State*, 962 S.W.2d at 557. However, as quoted above, the trial judge, who was the fact finder on the map production/suppression claims, point blankly did not believe the decedent was still alive. And such a conclusion simply makes sense—how can a three-and-a-half-month-old infant who has been abandoned and left alone outside for several days still be alive?

Of course this evidence of the in camera hearing may not alter the conclusion of this Court, i.e. even after considering it this Court may very well still conclude that points one and two must be overruled. However, we should withdraw the mandate and grant rehearing to at least address this new evidence and dispose of the points based upon a complete record. Because this Court refuses to do so, I dissent.