Raul RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00402–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 6, 2000.

Terrence A. Gaiser, Houston, for Appellant.

John B. Holmes, Eric Kugler, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and ANDELL.

### ORDER

ADELE HEDGES, Justice.

The Court today considered appellant's motions for further rehearing, to recall the mandate, and to abate the appeal. These three motions are **DENIED**.

A jury found appellant guilty of aggravated sexual assault of a child and assessed punishment of five years in prison. On June 24, 1999, we affirmed the judgment of the trial court. On July 19, 1999, we denied appellant's motion for rehearing. This Court's plenary power over our judgment expired on August 18, 1999, or 30 days after the motion for rehearing was denied. *See* Tex.R.App. P. 19.1(b).

## Motion for Further Rehearing

■ Appellant now moves for a second rehearing. After a motion for rehearing is decided, a further motion for rehearing may be filed within 15 days of the court's action if the court: (a) modifies its judgment;

(b) vacates its judgment and renders a new judgment; or

(c) issues an opinion in overruling a motion for rehearing.

Tex.R.App. P. 49.5. Because our plenary power has expired, we do not have jurisdiction to vacate or modify our judgment. *See* Tex.R.App. P. 19.3. Moreover, we denied appellant's first motion for rehearing without opinion. Even if appellant's further motion for rehearing were timely, rule 49.5 does not apply because we did not modify the judgment, vacate the judgment, or issue a new opinion in overruling the motion. *See* Tex.R.App. P. 49.5.

Appellant's motion for further rehearing is denied.

## Motion to Recall Mandate

■ The mandate in this case issued on November 8, 1999. Appellant now moves to recall the mandate. Recalling a mandate is appropriate only "if an appellant court vacates or modifies its judgment or order after issuing its mandate." Tex. R.App. P. 18.7. This Court's plenary power over our judgment expired on August 18, 1999, or 30 days after the motion for rehearing was denied. *See* Tex.R.App. P. 19.1(b). Therefore, we do not have jurisdiction to vacate or modify our judgment.

*See* Tex.R.App. P. 19.3. Without plenary power to vacate or modify our judgment, a recall of the mandate would not benefit appellant. *See Henderson v. State,* 977 S.W.2d 605, 605 (Tex.Crim.App.1998) (denying leave to withdraw mandate) (Price, J., concurring). Recalling the mandate does not revive this Court's jurisdiction, once our plenary power is lost by the passage of time.

Appellant's motion to recall the mandate is denied.

## Leave to File Petition for Discretionary Review

■ Appellant's petition for discretionary review was due on August 18, 1999, or 30 days after the motion for rehearing was denied. *See* Tex.R.App. P. 68.2(a). Appellant has provided us with an affidavit that he missed that deadline because he did not get notice of the ruling on his motion for rehearing. Appellant now requests that he be granted leave to proceed to the court of criminal appeals, even though the deadline has since passed.

A party may move for additional time to file a petition for discretionary review "if the party did not—until after the time expired for filing the document—either receive notice of the *judgment* from the clerk or acquire actual knowledge of the rendition of *judgment.*" Tex.R.App. P. 4.5(a) (emphasis added). There is no dispute that appellant timely received notice of the judgment. Instead, appellant complains that he did not receive notice of the denial of his motion for rehearing. Rule 4.5(a) speaks only to lack of notice of a judgment, not to lack of notice of a ruling on a motion for rehearing. *See id.* Therefore, we do not have authority under rule 4.5(a) to grant appellant additional time to file his a petition for discretionary review.

■ Nor do we have authority to grant appellant additional time to file a petition for discretionary review under Tex.R.App. P. 68.2(c). The court of criminal appeals, not this Court, may enlarge the time for

filing a petition for discretionary review. *Id.* Consequently, the court of criminal appeals is the proper forum to grant an extension of time; however, appellant did not move for such an extension. *Cf. Herrin v. State,* 668 S.W.2d 896, 897 (Tex. App.—Dallas 1984, no pet.) (granting motion to recall mandate because appellant did not receive notice of opinion of court of appeals).

Appellant's request for leave to file a petition for discretionary review is denied.

### Conclusion

Appellant's motions for further rehearing, to recall the mandate, and to abate the appeal are **DENIED**. Any pending motions are overruled as moot.

It is so **ORDERED**.