**Raul RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–00402–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 18, 2000.

Publication Ordered July 20, 2000.

Terrence A. Gaiser, Houston, for Appellant.

John B. Holmes, Eric Kugler, Houston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and ANDELL.

## ORDER

PER CURIAM.

The Court withdraws its order of January 6, 2000 and issues the following in its place.

The Court today considered appellant's motions for further rehearing and to recall the mandate. The Court **denies** the motion for further rehearing, but **conditionally grants** the motion to recall mandate. Any other pending motions are denied.

A jury found appellant guilty of aggravated sexual assault of a child and assessed punishment of five years in prison. On June 24, 1999, we affirmed the judgment of the trial court. On July 19, 1999, we denied appellant's motion for rehearing. This Court's plenary power over our judgment expired on August 18, 1999, or 30 days after the motion for rehearing was denied. *See* Tex.R.App.P. 19.1(b).

### Motion for Further Rehearing

Appellant now moves for a second rehearing. After a motion for rehearing is decided, a further motion for rehearing may be filed within 15 days of the court's action if the court:

(a) modifies its judgment;

(b) vacates its judgment and renders a new judgment; or

(c) issues an opinion in overruling a motion for rehearing.

Tex.R.App.P. 49.5. Because our plenary power has expired, we do not have jurisdiction to vacate or modify our judgment. *See* Tex.R.App.P. 19.3. Moreover, we denied appellant's first motion for rehearing without opinion. Even if appellant's further motion for rehearing were timely, rule 49.5 does not apply because we did not modify the judgment, vacate the judgment, or issue a new opinion in overruling the motion. *See* Tex.R.App.P. 49.5.

Appellant's motion for further rehearing is denied.

## Motion to Recall Mandate

The mandate in this case issued on November 8, 1999. Appellant now moves to recall the mandate. *See* Tex.R.App.P. 18.7.

Appellant's petition for discretionary review was due on August 18, 1999, or 30 days after the motion for rehearing was denied. *See* Tex.R.App.P. 68.2(a). Appellant has provided us with an affidavit that he missed that deadline because he did not get notice of the ruling on his motion for rehearing. Appellant now requests that he be granted leave to proceed to the Court of Criminal Appeals, even though the deadline has since passed.

Appellant' motion is made necessary because of an administrative error. It now appears to this Court that the notice overruling appellant's motion for rehearing was never sent out to appellant or to the State.

We do not have authority to grant appellant additional time to file a petition for discretionary review. The Court of Criminal Appeals, not this Court, may enlarge the time for filing a petition for discretionary review. Tex.R.App.P. 68.2(c). Consequently, the Court of Criminal Appeals is the proper forum to grant an extension of time. Accordingly, we conditionally grant the motion to recall our mandate. *See Herrin v. State,* 668 S.W.2d 896, 897 (Tex. App.—Dallas 1984, no pet.) (granting motion to recall mandate because appellant did not receive notice of opinion of court of appeals); Tex.R.App.P. 19.3(b).

The Clerk of this Court is ordered to recall our mandate upon condition that appellant seek appropriate relief in the Court of Criminal Appeals not later than 20 days from the date of this order.

It is so **ORDERED.**