NO. 07-00-0577-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 28, 2002


______________________________



JOHN EDWARD MAPP, JR.
,




 Appellant


v.



STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;



NO. 847,675; HON. MICHAEL ANDERSON, PRESIDING


_______________________________



ON MOTION TO RECALL MANDATE

_______________________________ 

Before QUINN, REAVIS and JOHNSON, J.J. 

 By an unpublished opinion dated November 12, 2001, this Court affirmed appellant
John Edward Mapp, Jr.'s conviction for failing to register as a sex offender. On June 19,
2002, appellant filed a motion entitled "Pro-Se Motion of Appellant's to Recall and Correct
this Court of Appeals Mandate Issued 2/5/02." In it appellant argues that there was
"fundamental and reversible error that calculated to injure the rights of the appellant at the
punishment stage of the trial, and in the sentence part of the judgment." And, that "[i]n the
interest of justice . . . this Court . . . should recall and correct its mandate." For the reasons
that follow, we deny the motion.

 This Court's plenary power over our judgment expired on January 11, 2001, or 60
days after judgment since no timely rehearing was filed. See Tex. R. App. P. 19.1(a). So,
while we may have the authority to recall our mandate, Tex. R. App. P. 19.3(b), we lack
jurisdiction to vacate or modify our judgment. See Tex. R. App. P. 19.3. And, without
plenary power to vacate or modify our judgment, recalling the mandate would not benefit
appellant. See Henderson v. State, 977 S.W.2d 605, 605 (Tex. Crim. App. 1998) (denying
leave to withdraw mandate) (Price, J., concurring). This is especially so when appellant
does not contend that recalling the mandate is needed simply to correct a clerical error in
our judgment or opinion but rather to reverse the trial court's judgment. See Tex. R. App.
P. 19.3(a) (stating that the mandate can be recalled to correct clerical errors in the
judgment or opinion after the court lost its plenary jurisdiction). 

 Therefore, appellant's motion to recall the mandate is denied.


 Brian Quinn

 Justice


Do not publish.



appeal is frivolous, counsel identifies one
possible issue. That issue is that the trial court erred in admitting the in-car police video. 
However, after referencing, analyzing and discussing the trial record, counsel has
discussed why, under the controlling authorities, there is no arguably reversible error in the
trial court proceeding or judgment. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel's brief demonstrates a conscientious review of the entire
record and analysis of the legal issues involved in a potential appeal.

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of his right to review the record and file a response to counsel's motion and brief. 
Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 82-83,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is
frivolous.

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed. 


 Mackey K. Hancock

 Justice



Do not publish.