NO. 07-02-0044-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 11, 2002


______________________________



RONALD CLAXTON
,




 Appellant


v.



SHEREE CASE, 




 Appellee

_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-513,074; HON. J. BLAIR CHERRY, JR., PRESIDING


_______________________________


ON MOTION TO RECALL OR MODIFY MANDATE


 AND TO WAIVE COSTS
_______________________________ 

Before QUINN, REAVIS and JOHNSON, J.J. On February 4, 2002, this Court dismissed appellant Ronald Claxton's appeal for
failing to pay the requisite filing fee of $125.00 and entered judgment assessing appellant
with costs. Furthermore, we issued mandate on April 25, 2002. On June 19, 2002, the
Lubbock County District Clerk, Jean Anne Stratton (the Clerk) filed a motion entitled
"Motion to Recall or Modify Mandate and to Waive Costs" with this court. In it, the Clerk
contends that she "erroneously forwarded [appellant's] Notice of Appeal to the 7th Court of
Appeals." And, that "[f]orwarding the Notice. . . was therefore a clerical error." Thus,
appellant was without fault. Accordingly, the Clerk requests that this court recall its
mandate, "and that costs in this case be waived, or, in the alternative, that the Court's
Mandate be modified to require that the costs . . . be assessed against the [Clerk]." For
the reasons that follow, we deny the motion.

 This Court's plenary power over our judgment expired 60 days after judgment, since
no timely motion for rehearing was filed. See Tex. R. App. P. 19.1(a). So, while we may
have the authority to recall our mandate, Tex. R. App. P. 19.3(b), we lack jurisdiction to
vacate or modify our judgment. See Tex. R. App. P. 19.3. And, without plenary power to
vacate or modify our judgment, recalling the mandate would not benefit appellant. See
Henderson v. State, 977 S.W.2d 605, 605 (Tex. Crim. App. 1998) (denying leave to
withdraw mandate) (Price, J., concurring). This is especially so when appellant did not
contend that recalling the mandate is needed simply to correct a clerical error in our
judgment or opinion. See Tex. R. App. P. 19.3(a) (stating that the mandate can be recalled
to correct clerical errors in the judgment or opinion after the court lost its plenary
jurisdiction). 

 Therefore, appellant's motion to recall or modify mandate and to waive costs is
denied.


 Per Curiam


Do not publish.