6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00045-CV
______________________________



IN RE: CALVIN RAY CASH





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Calvin Ray Cash has filed a petition for writ of mandamus. He asks this Court to order the
trial court to set a date to hear his motion for a "Franks hearing,"


 which he states has been
languishing in the trial court for over eight months.
Â Â Â Â Â Â Â Â Â Â Â Â "'When a motion is properly filed and pending before a trial court, the act of giving
consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel
the trial judge to act." Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.âSan Antonio
1997) (orig. proceeding); see also Eli Lilly & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992)
(trial court abused its discretion by refusing to conduct hearing and render decision on motion);
Chiles v. Schuble, 788 S.W.2d 205, 207 (Tex. App.âHouston [14th Dist.] 1990, orig. proceeding)
(mandamus appropriate to require trial court to hold hearing and exercise discretion).
Â Â Â Â Â Â Â Â Â Â Â Â Cash references three 1999 Hopkins County convictions for which he is now imprisoned,
none of which are currently pending. He has not directed this Court to any current criminal
proceeding to which his request might refer, and we are aware of none.
Â Â Â Â Â Â Â Â Â Â Â Â The duty of the trial court is to see that the cases before it proceed in an appropriate fashion. 
In general, however, it does not have a duty to rule on free-floating motions unrelated to currently
pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction
coming from an associated case. See Rodriguez v. State, 28 S.W.3d 25 (Tex. App.âHouston [1st
Dist.] 2000, no pet.); Crowell v. State, 949 S.W.2d 37 (Tex. App.âSan Antonio 1997, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â We deny the petition.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â April 12, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â April 13, 2004




>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00024-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  JAMES O.
MEYERS, Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  YANTIS INDEPENDENT SCHOOL DISTRICT

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â AND WOOD COUNTY, TEXAS, Appellees

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 402nd
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Wood County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. T-2856

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  At a tax
foreclosure sale in early 2008, a tract of land belonging to James O. Meyers
was sold on behalf of Yantis Independent School District (the District) and
Wood County (the County).Â  Almost thirty
months after that sale, Meyers petitioned to be paid the excess funds obtained
from that saleÂthat is, the proceeds of the sale, less the sums collected for
the taxes.[1]Â  From the trial courtÂs denial of that
petition, Meyers appeals, asserting that the two-year deadline for making his
claim, as set out by Section 34.04 of the Texas Tax Code, was tolled by lack of
notice to him and that his mental illness distinguishes this case from
authority that would dictate denial of his claim.[2]

Â Â Â Â Â Â Â Â Â Â Â  Because
no tolling argument was presented to the trial court, the issue was not
preserved for our review, and we must affirm the trial court.

A person . . . may file a petition in the court
that ordered the seizure or sale setting forth a claim to the excess
proceeds.Â  The petition must be filed
before the second anniversary of the date of the sale of the property.

Â 

Tex. Tax Code Ann.
Â§ 34.04 (West Supp. 2010).Â  

Â 

As
a prerequisite to presenting a complaint for appellate review, the record must
show that:Â  (1) the complaint was made to
the trial court by a timely request, objection, or motion that:Â  (A) stated the grounds for the ruling that
the complaining party sought from the trial court with sufficient specificity
to make the trial court aware of the complaint, unless the specific grounds
were apparent from the context; and . . . (2) the trial court:Â  (A) ruled on the request, objection, or
motion, either expressly or implicitly; or (B) refused to rule on the request,
objection, or motion, and the complaining party objected to the refusal.Â  

Â 

Tex. R. App. P.
33.1.Â  Judicial economy requires that a
trial court have the opportunity to correct an error before an appeal
proceeds.Â  In re C.O.S., 988 S.W.2d 760, 765 (Tex. 1999). Â While Meyers petitioned the court for release
of excess funds, the record presented to this Court demonstrates that his
argument regarding Âtolling the two year limitÂ was not made to the trial
court.Â  Likewise, even though Doke told
the trial court that Meyers Âhas been diagnosed with dementia and ParkinsonÂs
and bipolar,Â the record before us does not establish that any argument was
made to the trial court regarding tolling due to MeyersÂ condition.Â  Further, no motion for new trial, motion to
modify or limit judgment, or exception to the judgment was made. Â See Gerdes v. Kennamer, 155 S.W.3d 523, 532 (Tex.
App.ÂCorpus Christi 2004, pet. denied).Â 
The trial court had no opportunity to address the issues Meyers raises
on appeal.

Â Â Â Â Â Â Â Â Â Â Â  Because
Meyers failed to preserve the argument made on appeal, we affirm the trial
courtÂs judgment.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  August
4, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  August
18, 2011











[1]On
February 8, 2007, the District petitioned the trial court for foreclosure of
MeyersÂ property due to failure to pay ad valorem taxes.Â  Citation was made by posting at the
courthouse door in accordance with Rule 117a of the Texas Rules of Civil Procedure,
because the District alleged MeyersÂ address was unknown and could not be
ascertained after diligent inquiry.Â  Tex. R. Civ. P. 117a.Â  On October 9, 2007, the CountyÂs tax collector
included a Âdelinquent tax statementÂ containing MeyersÂs correct Garland,
Texas, address.Â  No notice of the
proceedings was sent to this address contained within the courtÂs records.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Nevertheless,
a default judgment was entered almost a year later in favor of the District and
the CountyÂa judgment that is not challenged here.Â  Because the default judgment is not
challenged here, we do not address any possible direct attack on that
judgment.Â  See Caldwell v. Barnes, 154 S.W.3d 93, 97Â98 (Tex. 2004).Â  In the default judgment, the trial court
appointed Sarah Doke Âto represent all the defendants served by citation by
publication, and as guardian ad litem for any Defendants who may be minors or
non compos mentis,Â including Meyers.Â 
The judgment authorizing foreclosure of the property found that its
market value was $117,380.00 and that the sum of delinquent taxes owed was
$11,913.72.Â  An order of sale was issued
January 29, 2008; the property was sold by sheriffÂs sale March 4, 2008, for
$58,800.00; and excess proceeds in the sum of $42,966.63 remained. 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On
March 25, 2008, notice of excess funds was sent to Doke by certified mail,
return receipt requested.Â  Notice of
excess funds was also sent to Meyers, but it was addressed to the property that
had been sold at foreclosure.Â  A second
notice of excess funds was sent to MeyersÂ correct address in Garland, Texas, August
12, 2010.Â  It appears that Meyers did not
receive the notice of excess funds until August 14, 2010.Â  On September 1, 2010, a petition for release
of excess funds was filed on MeyersÂ behalf.Â 
The County objected to MeyersÂ petition for release of funds, arguing
that Meyers failed to meet the requirements in Section 34.04 of the Texas Tax
Code.Â  

Â 





[2]To
this Court, Meyers argues that the clerkÂs failure to send the notice to his
address in Garland Âtolled the two year limit for recovery under Tax Code Sec.
34.04.ÂÂ  Alleging he was mentally ill,
Meyers also asks whether his disability Âdistinguished this case from Bryan I.S.D. v. Cune, [2010] WL 2541841
(Tex. App.ÂHouston [14th Dist.] [2010], [pet. denied] (mem. op.) which would
uphold the taxing authoritiesÂ position here.ÂÂ