

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00376-CR

MICHAEL ENNIS SMITH                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael Ennis Smith attempts to appeal from his July 2013 plea-bargained felony conviction for assaulting a member of his family or household.[2] On the day of appellant's conviction, the trial court entered a certification of his right to appeal that stated that he had entered into a plea bargain and had no

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 22.01(a), (b)(2)(A) (West 2011).

right to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). Appellant and his counsel each signed the certification. Also on the day of his conviction, appellant signed written plea admonishments which informed him that because of his plea agreement, he was required to obtain permission to appeal any matter other than a written motion filed before trial. In pleading guilty, appellant expressly waived any pretrial motions that had been filed in his case.

On August 14, 2013, we sent a letter to appellant to inform him that because the certification states that he has no right to appeal, we would dismiss the appeal unless he filed a response showing grounds for continuing it. Appellant filed a motion for extension of time to file a petition for discretionary review; he apparently believed that we had already affirmed his conviction. Appellant's motion, which we will treat as his response to our letter, does not show grounds for continuing the appeal under rule of appellate procedure 25.2(a)(2). *See* Tex. R. App. P. 25.2(a)(2). Because the record does not contain a certification that shows that appellant has the right of appeal and because appellant's response to our letter does not show an adequate ground for continuing the appeal, we dismiss the appeal.[3] *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App.

---

[3]We deny appellant's motion for an extension of time to file a petition for discretionary review because it was premature and because such a motion must be filed with the court of criminal appeals. *See* Tex. R. App. P. 68.2(c); *Rodriguez v. State*, 28 S.W.3d 25, 27 (Tex. App.—Houston [1st Dist.] 2000, order).

2006); *Turley v. State*, 242 S.W.3d 178, 179–80 (Tex. App.—Fort Worth 2007, no pet.) (mem. op.).

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 3, 2013