Lexter Kennon Kossie #700661
William McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 27 2015

Abel Acosta, Clerk

March 23, 2015

Texas Court of Criminal Appeals
P.O. BOX 12308, Capitol Station
Austin, Texas 78711

RE: **Filing Petition For Discretionary Review**
     **Case No. 14-94-01171-CR**

Dear Clerk:

        Please find enclosed for filing the original petition
for discretionary review to be filed and submitted to the
Court as soon as your time will permit.

        By copy of this letter I am forwarding a copy of this
document to the Prosecuting Attorney for Texas.

        Thank you for your time.

                                        Sincerely,

                                        /s/ Lexter Kossie

cc:**File**                              LEXTER KENNON KOSSIE
                                        **Appearing Pro se**
cc:**State's Prosecuting Attorney**

Case No. 14-94-01171-CR


IN THE

COURT OF CRIMINAL APPEALS

AT AUSTIN



No. 679887
In the 185th District Court
of Harris County , Texas



**LEXTER KENNON KOSSIE**
Appellant



V.



**THE STATE OF TEXAS**
Appellee



# APPELLANT'S PETITION FOR DISCRETIONARY REVIEW



**Lexter Kennon Kossie**
**TDCJ-CID NO.00700661**
**William McConnell Unit**
**3001 South Emily Drive**
**Beeville, Texas 78102**


**Appearing Pro se**

# TABLE OF CONTENTS

Page

Table of contents_____ i

Table of authorities_____ ii

Statement regarding oral arguments_____ iii

Identification of the parties_____ iii

Preliminary statement_____ 1

Summary of the argument_____ 2

Point of error-------------------------------------------- 3
        Appellant's Point Of Error--------------- 3


Arguments and authorities------------------------------ 4
        Appelant's Point Of Error--------------- 4



CONCLUSIONS AND PRAYER FOR RELIEF_____ 7


CERTIFICATE OF SERVICE_____ 8

i

## TABLE OF AUTHORITIES

Page

### State Cases

Herrin v. State, 668 S.W.2d 897 (Tex.App.-Dallas 1984)----6
Rodriguez v. State, 28 S.W.3d 25 (Tex.App. 1 Dist.2000)---6

### Supreme Court Cases

Evitts v. Lucey, 469 U.S. 387 (1985)---------------------5

### State Rules

Tex.R.App.Proc. 3.1------------------------------------6,8
Tex.R.App.Proc. 15 and 15a------------------------------iii
Tex.R.App.Proc. 18.1-----------------------------------2,4
Tex.R.App.Proc. 19.3(b)--------------------------------1,6 &7

## STATEMENT REGARDING ORAL ARGUMENT

Appellant did not requests oral arguments in this Case.

## IDENTIFICATION OF THE PARTIES

In order that members of this Court may determine disqualification and recusal under the **Tex.R.App.Proc.15 and 15a**, Appellant certifies that the following is a complete list of the parties, attorneys, and other persons with an interest in the outcome of this lawsuit.

Honorable Susan Brown        Presiding Judge in the 185th District Court

Mike Anderson        Harris County District Attorney

## PRELIMINARY STATEMENT

On October 20, 2014, Appellant filed in the 14th Court of Appeals his motion to recall mandate pursuant to **Rule 19.3(b)** of **Tex.R.App.Proc.** Either on the 29th or 30th of October, 2014, the court denied the motion. Appellant did not receive notice of the court's denial of the motion until March 16, 2015. Appellant's mandamus is still pending in this court regarding this issue.

Nevertheless, Appellant's Motion to Recall Mandate was denied by the 14th Court of Appeals without explanation.

## SUMMARY OF THE ARGUMENT

The central issue in this appeal was that the clerk of the 14th court of appeals violated **Rule 18.1 of Tex.Rule App.Proc.** when the clerk failed to timely notify Appellant that his direct appeal had been affirmed in order that Appellant could have filed a timely motion for rehearing. Appellant is described as a party by the rule and as such the clerk was required to give Appellant a timely notice of the affirmance of his direct appeal. In a situation of this nature whereas the clerk did not notify the Appellant in a timely manner, Texas law appears to permit or grant the court of appeals authority to issue and recall its mandate after the court's plenary power has expired. The question presented in this appeal is, whether the 14th court of appeals abused its discretion in denying appellant's motion to recall mandate? The 14th court of appeals erred in denying appellant's motion to recall mandate is argued in a single Point of Error.

## POINT OF ERROR

**APPELLANT'S POINT OF ERROR:** The 14th Court of Appeals erred in denying Appellant's motion to recall mandate because the clerk of that did not give Appellant a timely notice that his direct appeal had been affirmed and thus, the 14th Court of Appeals had authority to issue and recall its mandate even though its plenary power had expired.

## ARGUMENTS AND AUTHORITIES

## APPELLANT'S POINT OF ERROR

The 14th Court of Appeals erred in denying Appellant's motion to recall mandate because the clerk of that court did not give Appellant a timely notice that his direct appeal had been affirmed and thus, the 14th Court of Appeals had authority to issue and recall its mandate even though its plenary power had expired.

Appellant sought to recall the mandate on the grounds that he missed the deadline for filing a motion for rehearing because the clerk of that court failed to give Appellant a timely notice that his direct appeal had been affirmed as required under **Tex.R.App.Proc. 18.1.** On October 29th or 30th of 2014, the court of appeals denied the motion based on no law or using a sound discretion. According to **Rule 18.1**, the clerk of the appellate court that rendered the judgment must issue a mandate in accordance with the judgment and send it to the clerk of the court to which it is directed and to **all** parties to the proceeding [emphasis supplied] when one of the following period expires:

(a) In the Court of Appeals.

(2) Ten days after the time has expired for fil-

ing a motion to extend time to file a motion for rehearing of a denial, refusal, or dismissal of a petition for review, or refusal or, dismissal of a petition for discretionary review, if no timely filed motion for rehearing or motion to extend time is pending.

The mandate in this appeal issued on March 13, 1997. Appellant did not receive a timely notice of the affirmance of his direct appeal in order that he could file a timely motion for rehearing. Persons convicted of a crime are entitled to effective assistance of counsel for the first level of appeal to a court of appeal. **Evitts v.** U.S. 387 (1985). In Texas, there are two levels of direct appeal on a criminal conviction. The first level of the appeal goes to a court of appeals. The first level consist of an appellant's brief and if necessary a motion for rehearing. The second level goes to this court which consists of a petition for discretionary review and if necessary a motion for rehearing. At this level a convicted person is not entitled to an attorney. As the name implies, this Court has discretion as to whether it will review the lower Court's decision. A motion for rehearing is not

a discretionary matter nor is it a prerequisite to filing a petition for discretionary review. However, there are a higher percentage of motions for rehearing getting granted than that of petitions for discretionary review. **Rule 19.3(b) Tex.R.App. Proc.** gives the court of appeals to issue and recall its mandates after the court's plenary power has expired. There is no set time framed. Appellant is a party as defined in **Rule 3.1**, thus the clerk was required to give him timely notice of the affirmance of his direct appeal so Appellant could file a motion for rehearing if he so desired. Therefore, the court of appeals had authority to grant Appellant additional time to file his motion for rehearing. See **Herrin v. State,** 668 S.W.2d 896, 897 (Tex.App.-Dallas 1984),)no pet.)(granting motion to recall mandate because Appellant did not receive notice of court of appeals); see also **Rodriguez v. State,** 28 S.W.3d (App.1 Dist. 2000)(Appellant's motion to recall mandate, on grounds that he missed deadline for petition for discretionary review because he did not get notice of ruling on motion for rehearing, would be granted on condiction that he seek appropriate relief in the Court of Criminal Appeals within 20 days).

Here in the instant case, the mandate issued on March 13, 1997. Appellant did not receive notice that his appeal had been affirmed until sometime in July of 1997, when he wrote the clerk inquiring about the status of his direct appeal. At that time the time for filing a motion for rehearing had long expired. In August of 1997, Appellant filed an application for writ of habeas corpus claiming that he had received ineffective assistance of counsel on appeal when counsel failed to notify him of the affirmance of his direct appeal.

On April 17, 1998, this Court granted Appellant relief in the form of allowing him to file an out-of-time petition for discretionary review without first giving Appellant an opportunity to file a motion for rehearing in the court of appeals which had a higher percentage of getting granted than the one percent chance of getting the P.D.R. granted. Appellant did not file a P.D.R.

In conclusion, Appellant contends that even though the court of appeals' plenary power has expired **Rule 19.3(b)** of **Tex. R.App.Proc.** gives that court the authority to issus and recall its mandate as the rules provide. Appellant is a party as de-

fined in **Rule 3.1**, thus the clerk was required to give Appellant a timely notice of the affirmance of his appeal. Had he been given notice in a timely matter, Appellant would have filed his motion for rehearing to bring to the court's attention points of law and facts in which the court had completely overlooked in which resulted in a failure of justice. Thus, in the 'interest of justice' this Court must reverse the court of appeals denial of Appellant's Motion To Recall Mandate.

## CONCLUSIONS AND PRAYER FOR RELIEF

Appellant has shown that he had grounds to recall the court of appeals' mandate and that the court erred in denying his Motion To Recall Mandate which resulted in abuse of its power.

**FOR THESE REASONS: the** Appellant respectfully prays that this court will reverse the court of appeals order denying Appellant's Motion To Recall Mandate and remand to the court to allow Appellant to file his motion for rehearing.

Respectfully submitted,

/S/ _Lexter Kossie_

LEXTER KENNON KOSSIE

page 8

TDCJ-CID NO.00700661
William McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

**Appearing Pro se**

## CERTIFICATE OF SERVICE

I, **LEXTER KENNON KOSSIE**, do hereby certify that on this the 23rd day of Mar, 2015, a true and correct copy of the above and foregoing Petition For Discretionary Review was sent to the State Prosecuting Attorney: P.O. BOX 12405, Capitol Station; Austin, Texas 78711

/s/ Lexter Kossie

LEXTER KENNON KOSSIE