COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Paul Briones v. The State of Texas

Appellate case number:    01-14-00121-CR

Trial court case number:  1268863

Trial court:              178th District Court of Harris County

After a jury found appellant, Paul Briones, guilty of the offense of indecency with a child, this Court affirmed his conviction. *Briones v. State*, No. 01-14-00121-CR, 2016 WL 2944274 (Tex. App.—Houston [1st Dist.] May 19, 2016, no pet.) (mem. op., not designated for publication). On October 27, 2016, we denied, without opinion, appellant's motion for rehearing. *See* TEX. R. APP. P. 49.1. On November 21, 2016, appellant filed a "Motion for an Appropriate Order," in which he complains that he was deprived of effective assistance of counsel at trial and on appeal. He asks this Court to "restore [him] to a new trial" or, alternatively, to "restore the proceedings back to pronouncement of sentence, so that [he] may file a motion for new trial" to "exercise[e] his right to his constitutional guarantee of the effective assistance of counsel under the Sixth Amendment to the United States Constitution."

To the extent appellant requests further rehearing of his claim on appeal that his trial counsel was ineffective, appellant is not entitled to further rehearing. *See* TEX. R. APP. P. 49.5. After a motion for rehearing is decided, a further motion for rehearing may be filed within 15 days of the court's action if the court: (a) modifies its judgment; (b) vacates its judgment and renders a new judgment; or (c) issues an opinion in overruling a motion for rehearing. *Id.* We denied appellant's first motion for rehearing without opinion and did not modify or vacate our judgment. *See id.*

Because appellant's motion for further rehearing is not authorized by rule 49.5, our plenary power over our judgment, which expired on November 28, 2016, was not extended, and we lack jurisdiction to consider his motion. *See* TEX. R. APP. P. 19.1(b) ("A court of appeals' plenary power over its judgment expires . . . 30 days after the court overrules all timely filed motions for rehearing or en banc reconsideration, and all timely filed motions to extend time to file such a motion."); TEX. R. APP. P. 19.3 ("After its plenary power expires, the court cannot vacate or modify its judgment."); *Rodriguez v. State*, 28 S.W.3d 25, 26 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

To the extent appellant seeks habeas relief, this Court lacks jurisdiction to address his issues. Jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (Vernon 2015); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).

We **dismiss** for lack of jurisdiction appellant's "Motion for an Appropriate Order."

It is so ORDERED.


Judge's signature: /s/ Terry Jennings
                        ☐ Acting individually    ☑ Acting for the Court


Date: February 7, 2017