**John F. BASS, Appellant,**

v.

**Rebecca D. BASS, Appellee.**

**Nos. 01–01–00995–CV, 01–01–00996–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 1, 2003.

Shawn Casey, Shawn Casey & Associates, Houston, for Appellant.

Michael D. Tracton, Sugar Land, Irwin Michael Danziger, Rosenberg, and G. Scott Williams, Law Office of G. Scott Williams, Houston, for Appellee.

Panel consists of Justices TAFT, ALCALA and MIRABAL.*

## OPINION

TIM TAFT, Justice.

These are interlocutory appeals that relate to an appeal decided by this Court on June 6, 2002 under Cause No. 01–00–00745–CV.

In Cause No. 01–00–00995–CV, appellant, John F. Bass (Husband), asks us to

dissolve a temporary injunction.[1] The injunction concerned assets of Husband and was entered on the motion of appellee, Rebecca D. Bass (Wife), but while Husband's appeal of their final, default decree of divorce was still pending before this Court, although under a new trial-court cause number that differs from that decree. Husband's three issues challenge the validity of the temporary injunction. Husband claims this Court retained exclusive jurisdiction over the property of the marital estate, despite Wife's having sought relief under a new cause number, and also claims the trial court erred by not requiring Wife to post a bond because she and Husband were no longer married when she requested injunctive relief. We declare the temporary injunction void and dismiss the appeal in Cause No. 01–01–00995–CV.

In Cause No. 01–01–00996–CV, Husband asks us to vacate an order granting Wife's motion to appoint a receiver.[2] This order was also entered while Husband's appeal of their final, default decree of divorce was still pending in this Court, but under a new trial-court cause number that differs from that decree. Husband challenges the receivership by two issues. He contends the trial court had no jurisdiction to appoint a receiver over assets encompassed by the decree currently on appeal before this Court and therefore erred by denying Husband's motion to dismiss the newly filed cause. We declare the order appointing a receiver void and dismiss the appeal in Cause No. 01–01–00996–CV.

## Background

The trial court signed a final, default decree of divorce on December 21, 1999.

---

* The Honorable Margaret Garner Mirabal, former Justice, Court of Appeals, First District of Texas at Houston, continuing to participate by assignment.

1. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.2003).

2. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(1) (Vernon Supp.2003).

This decree dissolved the marriage between Husband and Wife and divided the property of their marital estate by awarding virtually all of the marital estate to Wife. In addition, Wife was awarded substantial damages for her tort claims.

With respect to the division of the property of the marital estate, the decree contained the following provisions for funds awarded Wife that had been held in Husband's name:

> W–4. All funds in the name of JOHN F. BASS including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which are subject to JOHN F. BASS's sole control.
>
> . . .

The decree also contained a concluding "default" paragraph with respect to the marital estate:

> IT IS ORDERED AND DECREED that any assets of the parties not awarded or divided by this Final Decree of Divorce are subject to future division as provided by the Texas Family Code.

No postjudgment motions were filed following this decree.

On June 13, 2000, just short of six months after the trial court signed the final, default decree, Husband timely perfected an appeal by filing a notice of restricted appeal. We docketed Husband's restricted appeal under Cause No. 01–00–00745–CV, styled John F. Bass, appellant v. Rebecca D. Bass, appellee.

On July 5, 2001, our initial opinion and judgment issued in Cause No. 01–00–00745–CV. We held that Husband had established error on the face of the record in his restricted appeal of the final, default decree of divorce, due to his inability to obtain a reporter's record of the evidence submitted to the trial court in support of Wife's claims for unliquidated damages.

Consistent with this holding, we reversed the final, default decree of divorce and remanded the cause for a new trial. On July 20, 2001, Wife moved for rehearing of Cause No. 01–00–00745–CV, claiming, in part, that we erred by reversing the portion of that decree that dissolved her marriage to Husband.

On August 28, 2001, while her motion for rehearing of Cause No. 01–00–00745–CV was still pending in this Court, Wife filed an "Original Petition to Enjoin Community Assets" in the trial court. Although filed under a new number, Cause No. 01–CV–120459, the petition retained the style of the original divorce petition, i.e., *In the Matter of the Marriage of Rebecca D. Bass and John F. Bass.* Wife requested temporary and permanent injunctive relief pertaining to assets and property of Husband described as Cayman Island accounts, identified by specific account and portfolio numbers, and real property described as four different condominium units in Puerto Aventuras, Quintana Roo, Mexico. On the same day, Wife filed an "Emergency Ex Parte Motion for Appointment of Receiver" to take charge of and manage the same accounts and property.

On August 29, 2001, the trial court conducted a hearing on Wife's petition and signed a temporary restraining order granting the requested relief. On September 7, 2001, the trial court signed an additional order that denied Husband's motion to dismiss for lack of jurisdiction, in which he claimed the pendency of Cause No. 01–01–00745–CV in this Court deprived the trial court of jurisdiction to grant relief to Wife.

After conducting an additional hearing on September 11, 2001, the trial court signed an order, dated the next day, which granted Wife's request for temporary orders and enjoined Husband's access to the property and accounts identified in Wife's

petition. The same order denied Husband's plea in bar or, alternatively, motion to dismiss for lack of jurisdiction. Husband filed his notice of interlocutory appeal from that order three days later.

On September 18, 2001, Wife filed an emergency, ex parte motion asking the trial court to reconsider appointing a receiver. The trial court granted this motion the same day and signed a corrected order for ex parte appointment of receiver the next day. Husband filed his notice of appeal from that order on October 1, 2001.

On June 6, 2002, we issued our opinion on Wife's motion for rehearing in Cause No. 01–00–00745–CV. We concluded we erred by reversing the portion of the final, default decree of divorce that dissolved Husband's and Wife's marriage, but again concluded that Husband had otherwise demonstrated error on the face of the record in his restricted appeal, and therefore reversed the remainder of the final, default decree of divorce and remanded the cause.

## Trial Court's Jurisdiction to Enter September 12 and 19, 2001 Orders

In his appeals from the temporary injunction and from the order appointing a receiver, Husband's first issue challenges the trial court's jurisdiction to order either relief. Husband contends the trial court lacked jurisdiction because this Court retained plenary power over Husband's and Wife's marital assets, in that Husband's restricted appeal from the final, default decree, which affected those assets, was still pending in this Court when Wife sought the relief awarded by the September 12 and 19, 2001 orders. Husband further contends Wife did not defeat this Court's plenary power over the assets of her and Husband's marital estate by requesting relief under a new cause number.

## A. Plenary Power

### 1. The Trial Court's Plenary Power—Expired on January 20, 2000

If no party to a judgment files a motion that extends the trial court's plenary power, the trial court loses plenary power over the judgment 30 days after the judgment is signed. Tex.R. Civ. P. 329b(d), (e); Tex. R.App. P. 26.1(a)(1),(3); *Bd. of Trustees v. Toungate,* 958 S.W.2d 365, 367 (Tex.1997). No postjudgment motions were filed after the trial court signed the final, default decree of divorce that dissolved the marriage between Husband and Wife and divided the property of their marital estate. Accordingly, the trial court lost plenary power over that decree on the thirtieth day after December 21, 1999, specifically, on January 20, 2000. *See id.* On June 13, 2000, Husband timely perfected his appeal from that decree by filing a notice of restricted appeal.

### 2. This Court's Plenary Power—Acquired on June 13, 2000

A court of appeals acquires appellate jurisdiction over all parties to the judgment or order challenged once any party perfects an appeal by filing a notice of appeal. Tex.R.App. P. 25.1(b). This Court acquired jurisdiction over trial-court Cause No. 99,675 on June 13, 2000, under appellate Cause No. 01–01–00745–CV, when Husband filed his notice of restricted appeal.

■ A court of appeals retains plenary power over the cause for 60 days after issuing its judgment, unless a party timely files a motion for rehearing or motion to extend time to file a motion for rehearing. *See* Tex.R.App. P. 19.1. This Court's plenary power over trial-court Cause No. 99,675 continued when Wife timely filed her motion for rehearing of this Court's opinion of July 5, 2001 in appellate Cause No. 01–01–00745–CV. A court of appeals continues

to retain plenary power over a cause for 30 days after all timely filed motions for rehearing or motions to extend time to file motions for rehearing are overruled. *See id.* If, in deciding a motion for rehearing, a court of appeals modifies or vacates its prior judgment, or issues a new judgment, or issues an opinion overruling a motion for rehearing, a party may file a further motion for rehearing. TEX.R.APP. P. 49.5; *see Havner v. E–Z Mart Stores, Inc.,* 825 S.W.2d 456, 458 (Tex.1992).

■ Our opinion on motion for rehearing, issued in Cause No. 01–00–745–CV on June 6, 2002, vacated our opinion and judgment of July 5, 2001 and issued a new opinion and judgment, thus triggering a new deadline for purposes of rule 19. *See* TEX.R.APP. P. 49.5; 19.1; *cf. Rodriguez v. State,* 28 S.W.3d 25, 26 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (holding that this Court lacked jurisdiction to consider second motion for rehearing because plenary power expired 30 days after denying motion for rehearing without opinion and, thus, without modifying or vacating prior judgment or issuing a new opinion). Because no party filed a motion for rehearing, this Court lost plenary power over Cause No. 01–00–00745–CV on August 6, 2002. *See* TEX.R.APP. P. 19.1(a).

**B. Temporary Orders—Family Code Section 6.709**

Section 6.709, in Subchapter H of Chapter 6 of the Family Code, governs the trial and appeal of suits for dissolution of marriage. Section 6.709 creates a narrow exception that permits the trial court to render orders to preserve property of the marital estate or protect the parties pending appeal. TEX. FAM.CODE ANN. § 6.709 (Vernon 1998); *see In re Boyd,* 34 S.W.3d 708, 711 (Tex.App.-Fort Worth 2000, orig. proceeding). On the motion of either party or on the court's own motion and after notice and hearing, but "[n]ot later than the 30th day after the date the appeal is perfected," the trial court "may render a temporary order necessary for the preservation of the property and for the protection of the parties during the appeal...." TEX. FAM.CODE ANN. § 6.709. The same statute empowers the trial court to retain jurisdiction to enforce any temporary orders entered, unless the appellate court supersedes these orders on a proper showing. *Id.*

■ The trial-court orders that Husband challenges here served to preserve property that Wife claimed was part of Husband's and Wife's marital estate, but that was not disclosed by Husband in the divorce proceeding. One of these orders, the injunction, was actually styled "Temporary Orders." The trial court did not sign those orders, however, by the 30th day after June 13, 2000, when Husband perfected his original appeal of the final, default decree of divorce that divided the marital estate. Rather, the challenged orders were signed approximately 15 months after Husband perfected his original appeal. Although entered to preserve the marital estate, as contemplated by section 6.709, the orders cannot qualify as temporary orders rendered under section 6.709 of the Family Code because the deadline set by that statute had long passed. *See Grossnickle v. Grossnickle,* 935 S.W.2d 830, 850 (Tex.App.-Texarkana 1996, writ denied);[3] *Hare v. Hare,* 786 S.W.2d 747,

---

**3.** We note the concerns of the Texarkana court concerning the limited, 30–day timeframe afforded by Section 6.709. *See Grossnickle,* 935 S.W.2d at 850 n. 16 ("The trial court is in a better position than the appellate court to provide for the preservation of the property and the protection of the parties when needed, because the trial court can take testimony concerning the need for such orders; therefore, the system and parties would

748 (Tex.App.-Houston [1st Dist.] 1990, no writ).

### C. Trial Court—No Jurisdiction to Enter September 12 and 19, 2001 Orders

In rejecting Husband's jurisdictional challenge to both the temporary injunction and the order appointing a receiver, Wife claims the trial court properly exercised jurisdiction under a new cause number in both instances because Husband did not disclose, in the original divorce action, the assets Wife sought to preserve by the orders Husband challenges here. Wife relies on *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970) and *Mayes v. Stewart,* 11 S.W.3d 440 (Tex.App.-Houston [14th Dist.] 2000, writ denied), as authorizing her right to seek recourse from the trial court concerning the undisclosed assets.

We disagree that *Busby* and *Mayes* apply. Both cases recognize well-settled law that an action for partition under section 23.001 of the Property Code may be proper when a final divorce decree that purported to divide marital property did not expressly provide for certain property of that marital estate. *Busby,* 457 S.W.2d at 554–55; *Mayes,* 11 S.W.3d at 448; *see Koepke v. Koepke,* 732 S.W.2d 299, 300 (Tex.1987); TEX. PROP.CODE ANN. § 23.001 (Vernon 2000). Partition under the Property Code was appropriate in those cases to divide undivided property which, because it was not divided, became vested in the divorced parties as tenants in common. *Busby,* 457 S.W.2d at 554–55; *Mayes,* 11 S.W.3d at 448; *see Goetz v. Goetz,* 567 S.W.2d 892, 893 (Tex.Civ.App.-Dallas 1978, no writ).

In contrast to this controversy, however, the original divorce decrees in *Busby* and

*Mayes,* which had purported to divide, but had not divided, the marital estate of the parties, had long become final in the respective trial courts. *See Busby,* 457 S.W.2d at 552 (four years between original divorce decree and petition for partition of disability retirement benefits); *Mayes,* 11 S.W.3d at 447 (three years between original divorce decree and petition for partition of fraudulently concealed lottery proceeds); *see also Koepke,* 732 S.W.2d at 300 (holding that omission of certain community property from divorce decree did not affect finality of decree); *Goetz,* 567 S.W.2d at 895 (holding, based on appeal and remand of property division, that trial court did not err by applying marital property division standards on remand, rather than standards applicable to suits for partition). In the case before us, the trial court entered the orders Husband challenges while this Court still had jurisdiction over the final, default decree of divorce in Husband's restricted appeal of that decree in Cause No. 01–00–00745–CV.

More importantly, Wife's reliance on *Busby* and *Mayes* to contend that partition under the Property Code is proper, conflicts with her contentions on appeal in Cause No. 01–00–00745–CV as well as her preliminary contentions in these appeals. In her appellee's brief filed in response to Husband's restricted appeal in Cause No. 01–00–00745–CV, Wife referred to the Cayman Island accounts that prompted the orders we have been asked to address in the interlocutory appeals as follows:

> [Husband] deliberately ignored the pending divorce proceedings (including the trial setting) until [Wife] located substantial assets allegedly belonging to [Husband] in the Cayman Islands in

be better served if this statute had not cut off this authority after the appeal had been per-

fected for thirty days.")

Spring 2000. That is why [Husband] filed the Notice of Restricted Appeal on June 13, 2000.

By claiming that Husband filed the restricted appeal of the decree because Wife discovered assets, Wife impliedly recognized that the decree encompassed those assets. The affidavit Wife's attorney offered in support of the injunction challenged here also takes the position that the original default decree encompassed the Cayman Island accounts. This affidavit states that Wife located the assets and obtained an injunction from a Cayman Islands court, which froze the cash assets based on the divorce decree. Moreover, in response to questions posed to her by Husband's counsel during the September 11, 2001 hearing, the second of the two hearings we have before us now, Wife stated that, in the new trial we ordered on remand in Cause No. 01–00–00745–CV, she would include the Cayman Islands accounts and the condominium units in Mexico in the assets she would ask the trial court to divide anew. These contentions by Wife, which the dissenting opinion does not acknowledge, are at odds with a request for partition of undivided assets.

Most importantly, despite Wife's having sought the relief she obtained here under a new cause number, we cannot construe her petitions as seeking to partition undivided assets under the Property Code, but as requesting injunctive relief pertaining to certain community assets and the appointment of a receiver over those assets under the Family Code. Both petitions invoked the temporary relief contemplated by section 6.709 of the Family Code, while disregarding the "not later than the 30th day after the appeal is perfected" provision of that statute. Tex. Fam.Code Ann. § 6.709. Likewise, in granting Wife relief after plenary power under that statute had expired, the trial court's orders grant relief that is contemplated by section 6.709 and that

would have been appropriate under section 6.709 had it been requested timely. *See id.* The first of these orders even bears the title, "Temporary Orders."

 The final, default decree of divorce in trial-court Cause No. 99,675 did not specifically identify the property encompassed by the trial court's temporary injunction and ex parte order appointing a receiver over those assets, i.e., the Cayman Island accounts or the four different condominium units in Puerto Aventuras, Quintana Roo, Mexico. That decree did dispose, however, of "all funds" in Husband's name, and thus disposed of the Cayman Island accounts. It is well-settled that lack of "express language of divestiture" of an asset is not dispositive of whether a court considered and divided an asset. *See Wilde v. Murchie*, 949 S.W.2d 331, 333 (Tex.1997); *see also Stephens v. Marlowe*, 20 S.W.3d 250, 253–55 (Tex.App.-Texarkana 2000, no pet.) (rejecting, in partition action filed after divorce decree, husband's contention that settlement proceeds of lawsuit affecting wife's retirement benefits were not divided by divorce decree because decree's catch-all provision unambiguously awarded former wife "any and all sums" relating to her retirement benefits and "any other rights" related to those benefits). As *Stephens* recognizes, broad language in a decree, like "all funds" in the final, default decree of divorce here, can encompass a disposition of property of which the trial court was unaware in entering the decree. *Id.* at 254. We disagree, therefore, with the dissenting opinion's contention that the final, default decree of divorce "did not consider, contemplate, or purport to dispose of" the "newly-discovered" Cayman Island accounts.

Moreover, the final, default decree of divorce specified that, "any assets of the parties not awarded or divided" by the

decree would be "subject to future division as provided by the Texas Family Code." Having determined, erroneously, we believe, that the decree failed to dispose of any of the assets that Wife now contends were "newly discovered," the dissenting opinion focuses on the "future division" provision of the decree and opines that Wife has a remedy under section 9.203(a) of the Family Code. *See* TEX. FAM.CODE ANN. § 9.203(a) (Vernon 1997). But as the treatise on which the dissenting opinion relies recognizes, Wife's remedy under section 9.203(a) contemplates a "postdivorce *suit.*" 39 ALOYSIUS A. LEOPOLD, TEXAS PRACTICE: MARITAL PROPERTY & HOMESTEADS § 20.19 (1993); *see also id.* (Supp. 2002) (annotations addressing *Wilde* and *Stephens,* both partition suits). We conclude that, despite assigning a new cause number to her petition in this cause, Wife's request for relief was not a postdivorce suit for partition, but a request for temporary relief in connection with the property division under the final, default decree of divorce, as contemplated by section 6.709 of the Family Code.

As we have addressed above, the trial court lost plenary power over the property disposition described above on January 20, 2000. When Husband appealed to this Court, we acquired plenary power over that disposition and continued to retain plenary power over that disposition when the trial court ordered the relief Husband challenges here. Because this Court retained plenary power over that disposition of Husband's and Wife's marital estate, the trial court had no jurisdiction to enter any temporary orders affecting that estate.

### Consequences of Trial Court's Plenary Power's Expiring and This Court's Retaining Plenary Power: Dismissal of Appeal

Judicial action taken after a trial court's plenary power has expired is void.

*See State ex. rel Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995); *see also Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990) (defining a void judgment as one rendered when a court has no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court); *In re T.G.,* 68 S.W.3d 171, 177 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). A party affected by void judicial action need not appeal. *State ex rel. Latty,* 907 S.W.2d at 486; *In re T.G.,* 68 S.W.3d at 177. If an appeal is taken, however, as occurred here, the appellate court must dismiss the appeal, but may, in addition, declare void any orders the trial court signed after losing plenary power over the case. *See State ex rel. Latty,* 907 S.W.2d at 486; *In re T.G.,* 68 S.W.3d at 177.

Here, despite having lost plenary power over the December 21, 1999 final, default decree of divorce on January 20, 2000, the trial court signed the order temporarily enjoining Husband's access to assets on September 12, 2001, and signed an order appointing a receiver over those assets on September 19, 2001. As addressed above, the assets addressed by those orders were encompassed by the final, default decree of divorce in trial-court Cause No. 01–CV–120459, which was pending on appeal in this Court when the trial court signed those orders. Seeking relief under a different trial-court cause number did not change the relief Wife was seeking from the trial court, namely, temporary orders for preserving community property pending appeal. To the extent that the trial court may have relied on section 6.709 of the Family Code in granting relief, the 30-day, post-perfection-of-appeal time limit under that statute had long passed. Therefore, the trial court lacked jurisdiction to enter the September 12 and 19, 2001 orders.

For these reasons, we sustain Husband's first issue challenging the orders the trial court signed on September 12, 2001 and September 19, 2001, and declare those orders void. Because the first issue in each appeal is dispositive, we must dismiss the appeals without addressing Husband's remaining issues.[4]

## Conclusion

We declare void the temporary injunction signed by the trial court on September 12, 2001 and dismiss the appeal in Cause No. 01–01–00995–CV. We declare void the order appointing a receiver signed by the trial court on September 19, 2001 and dismiss the appeal in Cause No. 01–01–00996–CV.

Justice MARGARET GARNER MIRABAL, dissenting.

MARGARET GARNER MIRABAL, Justice, dissenting (Assigned).

I respectfully dissent.

This case involves certain property held by Husband prior to the divorce, but not disclosed to the trial court or Wife prior to entry of the divorce decree. The appeal of the divorce decree pended in this Court for two years.

After the entry of the "Final Decree of Divorce," Wife discovered that Husband had failed to disclose the following property that was in his name and under his control prior to the entry of the divorce decree:

1. At least three bank accounts in the Cayman Islands; and

2. Four condominium units in Quintana Roo, Mexico.

Wife sought, and obtained from the divorce court, a temporary injunction and an order appointing a receiver to preserve the three bank accounts and the condominiums pending a division of the property by the divorce court.

The majority opinion holds that the trial court had no jurisdiction to grant the temporary relief because the appeal of the divorce decree was still pending in our Court when the trial court entered its orders. I disagree. The divorce decree that was appealed did not dispose of the three Cayman Island bank accounts nor the four condos in Mexico, and therefore we did not have before us for review any issue dealing with that property. As explained below, the Texas Family Code specifically provides for the handling of a situation like this, and the Legislature has made it clear that the trial court has continuing jurisdiction over this matter.

## DISCUSSION

The Family Code provision that grants the trial court continuing jurisdiction in this matter, section 9.203, provides as follows:

(a) If a court of this state failed to dispose of property subject to division in a final decree of divorce or annulment even though the court had jurisdiction over the spouses or over the property, the court shall divide the property in a manner that the court deems just and right, having due regard for the rights

---

4. We note, however, that Wife has raised an additional challenge to our jurisdiction to consider Husband's appeals. In responding to Husband's second issue in both appeals, Wife contends section 51.014 of the Civil Practice and Remedies Code provides no basis for us to consider an interlocutory order that denies a motion to dismiss for lack of subject-matter jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a). This challenge ignores that sections 51.014(a)(4) and (1) confer jurisdiction to review interlocutory orders for temporary injunction and orders appointing a receiver. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4), (1).

of each party and any children of the marriage.

Tex. Fam.Code Ann. § 9.203 (Vernon 1997). In discussing the predecessor statute to Section 9.203 (Section 3.91(a)), one treatise has explained the significance of the statute:

> Prior to 1987, if the trial court failed to divide some part of the estate of the parties, the ex-spouses became tenants in common with a presumption that their interests in the property were equal. Since 1987, however, the enactment of Subchapter F of the Texas Family Code has modified the law regarding property not divided upon divorce and permits the court to make a "just and right" division of such property even in a postdivorce suit.

39 Aloysius A. Leopold, Texas Practice: Marital Property & Homesteads § 20.19 (1993).

### 1. Four Condominiums in Mexico

Not only is there no mention in the divorce decree of the four condominiums in Quintana Roo, Mexico, the divorce decree makes absolutely no mention of *any* real estate, or *any* interest in real estate. The majority opinion ignores this fact. The divorce decree specifically deals with the possibility that there may be assets not covered by the decree, stating: "IT IS ORDERED AND DECREED that any assets of the parties not awarded or divided by this Final Decree of Divorce are subject to future division as provided in the Texas Family Code." The Texas Family Code specifically provides that such undivided assets shall be divided by the divorce court "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Tex. Fam.Code Ann. § 9.203 (Vernon 1997). The Texas Family Code also authorizes the divorce court to issue temporary orders to protect

marital property until it can be divided. Tex. Fam.Code Ann. §§ 6.501, 6.502 (Vernon Supp.2003).

There is no doubt in my mind that the trial court had jurisdiction to enter the temporary orders in this case as to the four condominium units in Mexico.

### 2. Bank Accounts in the Cayman Islands

The "Final Decree of Divorce" provides for the disposition of "All funds in the name of JOHN F. BASS including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which are subject to JOHN F. BASS's sole control." On its face, it appears the divorce decree covers the bank accounts in the Cayman Islands. However, it is uncontested that, at the time of the divorce decree, neither the trial court nor Wife was aware of the Cayman Islands bank accounts. According to the record, Husband had stated under oath that he had no funds, no stocks and no monies other than approximately $4000.00.

If it is clear from the record that the divorce court did not consider or contemplate certain marital property when it entered the divorce decree, then such marital property remains undivided. *See Thompson v. Thompson*, 500 S.W.2d 203, 206–09 (Tex.Civ.App.-Dallas 1973, no writ). In the present case, it is clear from the record that the trial court did not consider or contemplate the bank accounts in the Cayman Islands, and therefore the trial court's decree failed to dispose of those bank accounts. Accordingly, the trial court has continuing jurisdiction, under section 9.203 of the Family Code, to divide those bank accounts, as well as the authority to issue temporary orders to protect the bank accounts until they can be divided, pursuant to sections 6.501 and 6.502 of the Family Code.

## CONCLUSION

Because the divorce decree did not dispose of the bank accounts in the Cayman Islands nor the four condominiums in Mexico, the appeal of the divorce decree brought by Husband did not bring before us any issue dealing with such property. "The role of an appellate court is only to determine whether the trial court abused its discretion in its disposition of the community property and an appellate court does not have the authority to render judgment dividing the marital property." *Robles v. Robles,* 965 S.W.2d 605, 621 (Tex. App.-Houston [1st Dist.] 1998, pet. denied).

The trial court in the present case has had continuing jurisdiction over the property that was not disposed of in the final decree of divorce. Accordingly, we should overrule Husband's first issue, and we should reach the merits of his remaining issues.