NUMBER 13-04-470-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

WARREN ALKEK,
INDIVIDUALLY AND 

D/B/A  A&A BAIL BONDS,                                         Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 135th
District Court

                           of Jackson
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                          Before
Justices Yañez, Castillo, and Garza

                           Memorandum
Opinion by Justice Castillo

 








Appellant Warren Alkek appeals the denial of his
special bill of review in a bail bond case.[2]  We dismiss for want of jurisdiction.

I.  BACKGROUND








On January 31, 2002, the trial court entered a
judgment on forfeiture of a bond against the principal on a bond, Gregorio
Manuel Baladez, and the surety, Alkek. 
On August 8, 2002, Alkek filed a timely "Special Bill of
Review."  On September 23, 2002,
Alkek filed a motion for rehearing of his special bill of review.[3]  The State filed a response asserting, in
part, that Alkek could not set up a meritorious defense.  On September 25, 2002, the trial court signed
an order denying Alkek's motion for rehearing of special bill of review.[4]  The order became final on October 25,
2002.   Alkek did not appeal.








On November 4, 2002, Alkek filed an application for
special bill of review asserting as grounds, in part, that his conduct "is
not characterized by conscious indifference or any negligence."  The trial court convened a hearing on
February 13, 2003, for one reason stating, "My understanding of what I'm
doing here today is, I'm hearing this testimony, but what I'm going to rule is
whether or not I'm going to hear this special bill of review at all."  At the hearing, Alkek and his former counsel
testified.  Counsel stated that at the
hearing convened on the original "Special Bill of Review," he argued
the general bill of review standards to the trial court and not the special bill
of review standards applicable to bail bond forfeiture judgments.  The trial court took the matter under
advisement.  On December 17, 2003, the
trial court sent the parties a letter and requested that the State prepare an
order.[5]  On August 13, 2004, the trial court entered
an order denying Alkek's request for rehearing. 
On September 10, 2004, Alkek filed his notice of appeal.  By three issues, Alkek asserts that the trial
court erred by (1) denying the special bill of review in its August 13, 2004
order, (2) refusing to grant a remittitur, and (3) applying the standards for a
general bill of review to a special bill of review proceeding.  The State counters that the trial court lost
plenary jurisdiction after the September 25, 2002, order became final.

II. 
JURISDICTION

A.  The Law








The initial inquiry for our court is always whether
we have jurisdiction over an appeal. 
Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443
(Tex. 1993).  The question of
jurisdiction is a legal issue; therefore, we follow the de novo standard of
review.  Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex.  1998).  A court's jurisdiction is never
presumed.  Alaniz v. Hoyt, 105
S.W.3d 330, 335 (Tex. App.BCorpus Christi 2003, no pet.) (citing El‑Kareh
v. Tex. Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.BHouston [14th Dist.] 1994, no writ)).  If the record does not affirmatively
demonstrate the appellate court's jurisdiction, the appeal must be
dismissed.  Id.  Therefore, before we consider the issues, we
first must determine if the notice of appeal was timely filed.  A trial court retains plenary power to grant
a new trial or to vacate, modify, correct, or reform a judgment within thirty
days after the judgment is signed.  Tex. R. Civ. P. 329b(d); First Alief
Bank v. White, 682 S.W.2d 251, 252 (Tex. 1984) (orig. proceeding) (per
curiam).  After the expiration of those
thirty days, the trial court has no authority to set aside a judgment except by
bill of review for sufficient cause.  Tex. R. Civ. P. 329b(f); Thursby v.
Stovall, 647 S.W.2d 953, 954 (Tex. 1983) (orig. proceeding) (per curiam); In
re Parker, 117 S.W.3d 484, 487 (Tex. App.BTexarkana
2003, orig. proceeding); In re Garcia, 94 S.W.3d 832, 834 (Tex. App.BCorpus Christi 2002, orig. proceeding).  If no party to a judgment files a motion to
extend the trial court's plenary power, the trial court loses plenary
power over the judgment thirty days after the judgment is
signed.  Bass v. Bass,
106 S.W.3d 311, 314 (Tex. App.BHouston [1st Dist.] 2003, no pet.). 

B.  Bill of Review

In a bond forfeiture
case, article 22.17 authorizes the surety on a bond to file "a special
bill of review."  See Tex. Code Crim. Proc. Ann. art. 22.17(a)
(Vernon 1989).  The court in its
discretion may grant or deny the bill in whole or in part.








Upon the expiration of
the trial court's plenary power, a judgment cannot be set aside by the trial
court except by bill of review for sufficient cause, filed within the time
allowed by law.  See Tex. R. Civ. P. 329b(f).  A bill of review is an equitable action
brought by a party to a prior action who seeks to set aside a judgment that is
no longer appealable or subject to a motion for new trial.  State v. 1985 Chevrolet Pickup Truck, 778
S.W.2d 463, 464 (Tex. 1989) (per curiam) (op. on reh'g); Mowbray v. Avery,
76 S.W.3d 663, 682 (Tex. App.BCorpus Christi 2002,
pet. denied).  The grounds upon which a
bill of review can be obtained are narrow because the procedure conflicts with
the fundamental policy that judgments must become final at some point.  King Ranch v. Chapman, 118 S.W.3d 742,
751 (Tex. 2003) (citing Alexander v. Hagedorn, 226 S.W.2d 996, 998 (Tex.
1950)); see Transworld Fin. Servs. Corp. v. Briscoe, 722 S.W.2d 407
(Tex. 1987); Montgomery v. Kennedy, 669 S.W.2d 309, 312 (Tex.
1984).  The burden on a bill of review
petitioner is heavy.  See Layton v.
Nationsbanc Mortg. Corp., 141 S.W.3d 760, 763 (Tex. App.BCorpus Christi 2004,
no pet.).  Before a litigant can
successfully invoke the equitable powers of the court and secure a bill of
review to set aside a final judgment, he must allege and prove: (1) a
meritorious defense to the cause of action alleged to support the judgment; (2)
which he was prevented from making by the fraud, accident or wrongful act of
the opposing party; (3) unmixed with any fault or negligence of his own.  King Ranch, 118 S.W.3d at 752 (citing Hagedorn,
226 S.W.2d at 998); see also Wembley Inv. Co. v. Herrera, 11 S.W.3d 924,
927 (Tex. 1999); Baker v. Goldsmith, 582 S.W.2d 404, 407‑08 (Tex.
1979).  The petitioner must further allege,
with particularity, sworn facts sufficient to constitute a meritorious defense
and, as a pretrial matter, present prima facie proof to support the contention.  1985 Chevrolet Pickup Truck, 778 S.W.2d
at 464.  

C.  Discussion








After the trial court
entered the judgment on the bond forfeiture, Alkek timely filed his special
bill of review under article 22.17(a).  See
Tex. Code Crim. Proc. Ann. art.
22.17(a) (Vernon 1989).  The trial court
timely denied the special bill of review as memorialized by its order dated
September 25, 2002.  That same order
denied a rehearing of the special bill of review.  The order became final thirty days later,
upon the expiration of the trial court's plenary power.  Bass, 106 S.W.3d at 314; see also In re Garcia,
94 S.W.3d at 834.  Alkek did not
appeal.  See Tex. R. App. P. 26.1.  We find nothing in article 22.17(a)
authorizing (1) the filing of more than one special bill of review in a bond
forfeiture case, and (2) the filing of an additional special bill of review
after the trial court's order denying a prior special bill of review in the
same proceeding has become final. 
Alkek's motions filed after the trial court's September 25, 2002, order
became final are unauthorized under article 22.17(a).  See Tex.
Code Crim. Proc. Ann. art. 22.17(a) (Vernon 1989).  Further, the motions do not comply with the
pleading requirements of rule 329a to constitute bills of review because, among
other things, they do not allege fraud.  King
Ranch, 118 S.W.3d at 752.  

Our jurisdiction extends no further than that of the
court from which the appeal is taken.  Pearson
v. State, 315 S.W.2d 935, 938 (Tex. 1958); Nabejas v. Tex. Dep't of
Pub. Safety, 972 S.W.2d 875, 876 (Tex. App.BCorpus
Christi 1998, no pet.).  The trial
court's September 25, 2002, order became final after thirty days and the trial
court's jurisdiction expired at that time. 
Alkek did not appeal.  The trial court's
order dated August 13, 2004, denying Alkek's request for rehearing was entered
after its plenary jurisdiction expired.  Alkek appealed that order.  Accordingly, we agree with the State.  We have no jurisdiction to consider this
appeal.  See Nabejas, 972
S.W.2d at 876.  

 

 

 








 

III.  CONCLUSION

We dismiss Alkek's
appeal for want of jurisdiction.

ERRLINDA CASTILLO

Justice

 

 

Memorandum Opinion delivered and filed

this the 11th day of
August, 2005.  

 











[1] See Tex. R.
App. P. 47.2, 47.4.





[2] Article 22.17 of the Texas Code of
Criminal Procedures states, in part:

 

(a) Not later than two years after
the date a final judgment is entered in a bond forfeiture proceeding, the
surety on the bond may file with the court a special bill of review.   A special bill of review may include a
request, on equitable grounds, that the final judgment be reformed and that all
or part of the bond amount be remitted to the surety, after deducting the costs
of court, any reasonable costs to the county for the return of the principal,
and the interest accrued on the bond amount from the date of forfeiture.  The court in its discretion may grant or deny
the bill in whole or in part.  

 

Tex. Code
Crim. Proc. Ann. art.
22.17(a) (Vernon 1989). 





[3] As grounds, Alkek asserted, in
part, that he set up the meritorious defense of surrendering the principal on
the bond.  





[4] The order states: 

 

Order Denying Defendant-Surety's
Motion for Rehearing of Special Bill of Review

 

The Court,
after having considered Defendant-Surety's Motion for Rehearing of Special Bill
of Review, along with Affidavits filed in support of such Motion for Rehearing
and the State's response to such Motion for Rehearing, finds that
Defendant-Surety's Motion for Rehearing of Special Bill of Review should be
denied.

 

IT IS
THEREFORE ORDERED ADJUDGED and DECREED that Defendant-Surety's Motion for
Rehearing of Special Bill of Review be denied, and it is so ordered.

 

SIGNED this the 25th day of
September, 2002.





[5] The letter states, in part:

 

The Court has considered the
evidence and arguments heard by it and has reviewed the record of the case as
represented by the clerk's file.  The
Court notes that a Bill of Review was filed on August 8, 2002, and denied from
the bench September 12, 2002.  A motion
for rehearing was subsequently filed, and on September 25, 2002 was denied by
written order signed by Judge Williams. 
A subsequent Bill of Review was filed by the surety and opposed by the
State as being a second filed on the Bill, which was denied.  The Court agrees that the pending Bill is
merely an additional request for rehearing of the Bill.