Affirmed
and Memorandum Opinion filed September 22, 2009.

 

In The

 

Fourteenth Court of
Appeals

 

NO. 14-08-00529-CV

____________

 

IN THE MATTER OF THE MARRIAGE OF

DON SCOTT KERR AND GABRIELLA A.
KERR

 



 

On Appeal from the 246th
District Court

Harris County, Texas

Trial Court Cause No. 2006-07658

 



 

M E M O R A N D U M   O P I N I O N

Appellant Don Scott Kerr (AScott@) appeals from the
trial court=s order enforcing the property division in his divorce
decree and awarding his ex-wife, appellee Gabriella A. Kerr, a money judgment
for $46,000.  Scott contends that the trial court=s enforcement
order is void because it constituted a modification to the decree and was
entered more than thirty days after the trial court signed the decree.  Scott
also contends the evidence is legally and factually insufficient to support a
portion of the trial court=s award.  We affirm.








The trial court entered a final decree of
divorce between Scott and Gabriella on September 13, 2007.  In the decree, the
trial court ordered Scott to pay the $22,000 debt owed  on a Chase Credit Visa
credit card.  The decree awarded Gabriella ownership of the marital home,
ordered Scott (who had been living there) to vacate the property by September
23, 2007 or pay holdover rent to Gabriella, and enjoined Scott from Acausing damage to
the property or otherwise reducing the value or use of the property.@  

Scott did not pay the credit card debt,
which Gabriella had to pay herself to protect her credit rating.  Scott also
did not vacate the marital home on September 23, 2007, and he did not pay
holdover rent, instead delivering play money to Gabriella=s father. 
Gabriella had to institute eviction proceedings, and when Scott finally vacated
the home in late October 2007, she discovered a wide variety of damage,
including (1) the air conditioning system was inoperable because the new
condenser, which had been installed in August 2007, had been replaced with a
smaller, inoperable condenser, (2) the window coverings and custom blinds had
been removed, (3) the dishwasher had been replaced with an old, rusted
inoperable dishwasher, (4) the ceiling fans in several rooms had been replaced
with less-expensive light fixtures with no fans, and (5) some of the carpets,
cabinets, and walls had been damaged.  This damage rendered the home
unsellable, and Gabriella spent over $9,000 to repair the damage and replace
the fixtures to prepare the house for sale.

On December 4, 2007, Gabriella filed a
petition for enforcement of the decree, which the trial court granted.  The
trial court=s enforcement order awarded Gabriella a money judgment
for $46,000, which included $22,000 for the credit card debt Gabriella paid and
$9,200 to compensate Gabriella for replacing fixtures and repairing the marital
home.[1] 
This appeal followed.








In his first issue, Scott argues that the
trial court=s enforcement order is void because it constituted a
modification, rather than enforcement, of the decree and was made more than
thirty days after the final decree was signed.  The trial court can render
enforcement orders to clarify or assist in the implementation of a property
division made in a divorce decree and can render a money judgment for damages
caused by the failure to comply.  See Tex.
Fam. Code Ann. '' 9.006(a), 9.010 (Vernon 2006).  However,
once the trial court=s plenary power expires, which in this
case was thirty days after the divorce decree was signed, the trial court may
not Aamend, modify,
alter, or change the division of property made or approved in the decree of
divorce.@  See id.
' 9.007(a); Tex. R. Civ. P. 329b(a); Brown v.
Brown, 236 S.W.3d 343, 346 n.1 (Tex. App.CHouston [1st
Dist.] 2007, no pet.).  Thus, any order in an enforcement proceeding that
constitutes a modification of the decree is void if entered after the trial
court=s plenary power
expires.  See Shanks v. Treadway, 110 S.W.3d 444, 449 (Tex. 2003); Bass
v. Bass, 106 S.W.3d 311, 318 (Tex. App.CHouston [1st
Dist.] 2003, no pet.).

As to the credit card debt, Scott asserts
that ordering a money judgment to reimburse Gabriella=s payment
constitutes a modification because she had used that credit card prior to the
decree to pay her attorney and the decree states that each party is responsible
for its own attorney=s fees.  We reject this argument.  The
decree states, with unmistakable clarity, that Scott is responsible for the
debt owed on the Chase Credit Visa account.  If Scott believed the trial court
erred in assigning that debt to him in the decree, his remedy was direct
appeal.  See Shanks, 110 S.W.3d at 449.  Scott did not pursue that
option, and he cannot now collaterally attack the decree as a defense to an
enforcement proceeding.  See id.  The trial court=s enforcement order
did nothing more than require him to reimburse Gabriella for a debt Scott was
explicitly obligated to pay, and thus it did not constitute a modification.








As to the damage to the marital home and
replacement of fixtures, Scott appears to argue that because the decree awarded
him all Afixtures, . . .
appliances, and equipment in the possession of the husband or subject to his
sole control,@ he had the right to replace appliances and fixtures
from the marital home with less expensive or non-functioning items.  Thus,
according to Scott, the trial court=s enforcement
order that requires him to reimburse Gabriella for the cost of repairs and
replacement modifies that portion of the decree.  Again, we disagree.  When
interpreting a divorce decree, we construe it as a whole to harmonize and give
effect to the entire decree.  Id. at 447.  If the decree is subject to
only one reasonable interpretation, we apply that interpretation as a matter of
law.  See id.  The decree plainly and undisputedly awarded ownership of
the marital home to Gabriella, required Scott to vacate by a certain date or
pay rent to Gabriella, and enjoined Scott from damaging the property or taking
any action to reduce its value.  It would be unreasonable to interpret the
decree as awarding Gabriella the home and enjoining Scott from damaging or
decreasing the value of the home while simultaneously allowing him to take such
actions as removing fixtures and making the air conditioning unworkable, which
rendered the home unsellable.  The trial court=s order merely
enforced the decree according to the decree=s only reasonable
interpretation.

Because the trial court=s enforcement
order enforced rather than modified the decree, the trial court had authority
to enter the order.  We overrule Scott=s first issue. 

In his second issue, Scott argues that the
evidence is legally and factually insufficient to support the trial court=s implied finding
that he caused damage to the marital home or reduced the value of the
property.  A trial court=s decision to grant or deny the relief
requested in a post-divorce motion for clarification or enforcement is reviewed
for an abuse of discretion.  See Hollingsworth v. Hollingsworth, 274
S.W.3d 811, 815 (Tex. App.CDallas 2008, no pet.).  When, as here, the
trial court did not file findings of fact and conclusions of law, we imply that
the trial court made all findings necessary to support the judgment and will
uphold those findings if supported by sufficient evidence.  See Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83B84 (Tex. 1992); Beck
v. Walker, 154 S.W.3d 895, 901 (Tex. App.CDallas 2005, no
pet.). Under the abuse of discretion standard, sufficiency of the evidence is
not an independent ground of error but rather is a relevant factor in assessing
whether the trial court abused its discretion.  Beck, 154 S.W.3d at 902;
In re T.J.L., 97 S.W.3d 257, 266 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).








Scott contends that as to each item
Gabriella claims damaged or decreased the value of the house, there was
insufficient evidence either that the action actually decreased the value of
the house or of the date on which the action occurred, which is significant
because he was not enjoined from damaging or reducing the value of the house
until the decree was entered.  When acting as fact finder, the trial court is
the sole judge of witnesses= credibility and can draw reasonable
inferences from the facts.  See Beck, 154 S.W.3d at 901.  Gabriella
testified that (1) the damage to the house and its fixtures made it unsellable,
(2) she knew the blinds and window coverings were taken down after the decree
because she saw them when she repeatedly drove by the house to see if Scott had
vacated, and (3) a brand new compressor for the air conditioning system had
been installed in August 2007, which was shortly before the decree was
entered.  The trial court could have believed Gabriella=s testimony and
further inferred that all the damage and fixture replacement occurred after the
decree based on this testimony and other circumstances in the case indicating
that Scott was angry at being forced to move from the marital home, including
his refusal to move until Gabriella had him evicted and sending her fake money
to pay holdover rent.  Further, it is reasonable to infer that Scott removed
the ceiling fans and made the air conditioning system inoperable shortly before
he moved out (which was several weeks after the decree) because it is unlikely
that he would have lived in a house in Houston in the summer with no air
conditioning or ceiling fans.  Based on this evidence, we conclude the trial
court did not abuse its discretion in determining that Scott damaged and
otherwise reduced the value of the marital home in violation of the decree.  We
overrule his second issue.

Having overruled Scott=s two issues, we
affirm the trial court=s judgment.

 

/s/      Leslie
B. Yates

Justice

 

Panel consists of Chief Justice Hedges and Justices
Yates and Frost.









[1]  Scott did not appeal the other items included in the
$46,000 money judgment.