

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00037-CV
_____

IN RE:
MARVIN LAVERL EDWARDS

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Marvin Laverl Edwards (Marvin) and Betty Janis Edwards (Betty) were divorced by decree entered January 17, 2012, and items of property were allocated between them by that decree. On February 8, 2012, Marvin appealed. With that appeal pending before this Court, on March 8, 2012, the trial court entered the "stand by" order made the subject of this mandamus proceeding, directing an officer from the Hopkins County Sheriff's Office to stand by as Betty retrieved items of personal property from Marvin's possession. Marvin filed a motion seeking a stay of that order[1] and the instant petition for mandamus relief asking that the trial court's "stand-by" order be vacated. We conditionally grant the requested relief.

Mandamus is an extraordinary remedy and will issue only when the record establishes (1) the absence of a clear and adequate remedy at law, and (2) a clear abuse of discretion or the violation of a duty imposed by law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding); *In re Fulgium*, 150 S.W.3d 252, 254 (Tex. App.—Texarkana 2004, orig. proceeding). On factual issues or discretionary matters within the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

But a trial court's authority to implement or clarify a property division incident to divorce is abated while the appeal of that case is pending. TEX. FAM. CODE ANN. § 9.007(c) (West 2006).

---

[1]The stay was granted March 28, 2012.

Betty asserts that this order is valid because a trial court, "[n]ot later than the 30th day after the date an appeal is perfected, on the motion of a party or on the court's own motion, after notice and hearing" can render a temporary order "necessary for the preservation of the property and for the protection of the parties during the appeal." TEX. FAM. CODE ANN. § 6.709 (West 2006). That statute authorizes orders that require the support of either spouse, require the payment of reasonable attorney's fees and expenses, appoint a receiver for the preservation and protection of the parties' property, or award one spouse exclusive occupancy of the parties' residence during the pendency of the appeal. *Id*. Here, however, the trial court's order is not geared toward preservation of the parties' property or the protection of the properties while the appeal is pending.

The trial court order at issue here appears designed to implement the property division rendered in the decree of divorce. But, a trial court's authority to implement or to clarify a property division in a case is abated while that case is on appeal. TEX. FAM. CODE ANN. § 9.007(c). Betty asserts, however, that the trial court was authorized to enter the order by Section 6.709, which authorizes a trial court's temporary orders to preserve property or protect the parties while a case is on appeal. *See* TEX. FAM. CODE ANN. § 6.709.

In support of her argument that Section 6.709 authorized the trial court's order, Betty directs us to *Bass v. Bass*, 106 S.W.3d 311 (Tex. App.—Houston [1st Dist.] no pet.). The property at issue in *Bass* included Mexican condominiums and offshore bank accounts, and the trial court enjoined the husband's access to those assets. The appellate court did say, as claimed

3

by Betty, that the trial court's order was "entered to preserve the marital estate, as contemplated by" Section 6.709; but that trial court lacked authority to make the order because it was entered long past the period of thirty days after the perfecting of appeal. *Id.* at 315. Certainly, here, the trial court's order was entered inside the thirty-day window created by Section 6.709. The controlling question is whether the trial court's order was made to preserve the marital estate or to implement the trial court's property division. The present situation is different from that in *Bass*, where the preservation order was made to maintain the status quo, or to preserve assets during the appeal. Here, the trial court ordered Betty to take possession of property awarded her in the decree's property division.

Similarly, the other cases cited by Betty address orders under the auspices of Section 6.079 directed to preserve assets or property while a divorce appeal is pending. *See In re Garza*, 153 S.W.3d 97, 100 (Tex. App.—San Antonio 2004, orig. proceeding) (husband's payments to wife ordered deposited into court's registry; acceptable procedure under Section 6.709); *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 850 (Tex. App.—Texarkana 1996, writ denied) (untimely preservation order under old Section 3.58(h) of Texas Family Code). None of the cases presented by Betty suggest that the instant order was to preserve property or protect parties within the meaning of Section 6.079, and not to implement the divorce's property division, and thus was precluded by Section 9.007(c).

4

Alternatively, Betty argues that the trial court's order was simply an order to enforce the divorce decree. She does have something of an argument:

> Except as provided by this subchapter and by the Texas Rules of Civil Procedure, the court may render further orders to enforce the division of property made in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order.

TEX. FAM. CODE ANN. § 9.006(a) (West 2006). Betty reasons that, because Marvin did not file a supersedeas bond, the trial court had authority to issue an order to enforce the decree's judgment. *See* TEX. R. CIV. P. 621, 627. She does not explain, though, how her position surmounts Section 9.007(c)'s specific limitation of the trial court's power to assist in implementation of or clarification of the decree's property division. TEX. FAM. CODE ANN. § 9.007(c); *see also Sheikh v. Sheikh*, 248 S.W.3d 381, 388 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (turnover order is "enforcement order that goes beyond the ministerial act of execution"). In *Sheikh*, the appellate court found that the trial court was authorized to issue a turnover order for the purpose of enforcing a money judgment against the husband, where the husband did not file a supersedeas bond. But the trial court erred in making the turnover order so broad as to authorize the appointed receiver to take and dispose of property awarded to the wife in the decree. *Sheikh*, 248 S.W.3d at 391–92; *see also In re Fischer-Stoker*, 174 S.W.3d 268, 272 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) (post-decree contempt motion impermissibly sought kind of enforcement relief Section 9.007(c) prohibited).

5

Here, the trial court's order, mandating a deputy stand by while Betty retrieved items of personal property awarded her in the decree, was primarily aimed at implementing the property division and was thus proscribed by Section 9.007(c). We conditionally grant the petition for mandamus. Mandamus will issue unless the trial court withdraws the order of March 8, 2012, within fourteen days of this opinion.

Josh R. Morriss, III
Chief Justice

Date Submitted:    April 24, 2012
Date Decided:    April 25, 2012