COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Kevin Untray Hines v. The State of Texas

Appellate case number:   01-18-00816-CR

Trial court case number: 15-DCR-070996B

Trial court:             240th District Court of Fort Bend County

On August 6, 2020, this Court issued an opinion affirming the conviction of appellant, Kevin Untray Hines. On August 11, 2020, appellant filed a motion for rehearing with the Fort Bend County District Clerk. Appellant did not file this motion for rehearing in this Court. On October 16, 2020, the Clerk of this Court issued the mandate in this case. That same day, appellate counsel filed a motion in this Court seeking recall of the mandate. Counsel argued that she had inadvertently filed the motion for rehearing with the Fort Bend County District Clerk and that she discovered the erroneous filing on October 16, 2020, when our mandate issued. Counsel requested that this Court recall our mandate and that appellant be allowed to re-file his motion for rehearing in this Court or, alternatively, that he be allowed to file an out-of-time motion for rehearing.

Texas Rule of Appellate Procedure 49.1 allows a party to file a motion for rehearing within 15 days after the appellate court renders a judgment or order. *See* TEX. R. APP. P. 49.1. An appellate court's plenary power over its judgment expires:

> (a) 60 days after judgment if no timely filed motion for rehearing or en banc reconsideration, or timely filed motion to extend time to file such a motion, is then pending; or

> (b) 30 days after the court overrules all timely filed motions for rehearing or en banc reconsideration, and all timely filed motions to extend time to file such a motion.

TEX. R. APP. P. 19.1. A timely filed motion for rehearing thus extends an appellate court's plenary power. *See Cruz v. Ghani*, 593 S.W.3d 376, 380 (Tex. App.—Dallas 2019, no pet.); *Bass v. Bass*, 106 S.W.3d 311, 314–15 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

After an appellate court's plenary power has expired, the court cannot vacate or modify its judgment, but the court can take specified limited actions, including "issu[ing] and recall[ing] its

mandate as these rules provide." TEX. R. APP. P. 19.3(b). Rule of Appellate Procedure 18.7 is the only rule that addresses an appellate court's ability to recall its mandate and provides, "If an appellate court vacates or modifies its judgment or order after issuing its mandate, the appellate clerk must promptly notify the clerk of the court to which the mandate was directed and all parties. The mandate will have no effect and a new mandate may be issued." TEX. R. APP. P. 18.7; *Perry v. State*, No. 01-14-00577-CR, 2014 WL 5593754, at *1 (Tex. App.—Houston [1st Dist.] Nov. 4, 2014, no pet.) (per curiam) (mem. op., not designated for publication) ("While Texas Rule of Appellate Procedure 19.3(b) allows us to recall our mandate as these rules provide, recalling our mandate under Rule 18.7 only occurs if we have vacated or modified our judgment.").

Here, this Court issued our opinion and judgment on August 6, 2020. Appellant did not timely file a motion for rehearing with this Court. As a result, our plenary power expired over our judgment 60 days after the judgment, or on October 5, 2020. Our mandate issued on October 16, 2020, after our plenary power had expired. Because we have not vacated or modified our judgment after issuing the mandate, this case does not fall within Rule 18.7, allowing an appellate court to recall its mandate.

Because our plenary power has expired and the Rules of Appellate Procedure do not authorize us to recall our mandate under the circumstances of this case, we **dismiss** appellant's motion for lack of jurisdiction.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
        ☐ Acting individually    ☒ Acting for the Court

Panel consists of Justices Keyes, Lloyd, and Hightower

Date: December 29, 2020